UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ASHLAND VENTURES HOLDINGS,          )
LLC, et al.,                        )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )      No. 4:26 CV 364 CDP
                                    )
WEST PINE LOFTS, LLC, et al.,       )
                                    )
            Defendants.             )

## <u>MEMORANDUM AND ORDER</u>

This removed case is before me for review of subject-matter jurisdiction.

Plaintiffs Ashland Ventures Holdings, LLC and Integrity Holdings Group,

LLC filed this action in the Circuit Court of St. Louis City, Missouri, alleging that

defendant West Pine Lofts, LLC refuses to return earnest money to plaintiffs in

relation to a terminated real estate transaction.   In addition to seeking declaratory

judgment, plaintiffs bring state-law claims of breach of contract, breach of covenant

of good faith and fair dealing, and unjust enrichment against West Pine.   Plaintiffs

name Kensington Vanguard National Land Services, LLC as a nominal defendant,

as it is the entity that holds the disputed earnest money in escrow.   West Pine

removed the action to this Court, invoking this Court's diversity jurisdiction under

28 U.S.C. § 1332.   Because neither the notice of removal nor the state-court petition

contains an adequate statement of citizenship with respect to any of the parties in the

case, I will order West Pine to file an amended notice of removal to properly allege this Court's subject-matter jurisdiction.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

In removed cases, diversity of citizenship is determined at the time the suit is filed and upon its removal. *Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 635 (8th Cir. 2022). *See also Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (parties must be diverse both when plaintiff initiates action in state court and defendant files notice of removal in federal court). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016). In addition to plaintiffs' state-court petition, I review the defendant's notice of removal to determine the existence of subject-matter jurisdiction. *Reece*, 760 F.3d at 777-78 (court looked to notice of removal for

- 2 -

satisfaction of jurisdictional requirements).

All real parties of interest in this case are limited liability companies.   An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.  *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).   Here, neither the notice of removal nor the petition identifies the members of any LLC and thereby fails to allege any identified member's State of citizenship.   Instead, the notice of removal merely states, generally, that all members and sub-members of defendant West Pine "are citizens of Ohio" and that all members and sub-members of plaintiffs Ashland and Integrity are "not citizens of Ohio."   (ECF 1 at ¶¶ 5, 7.)1   "This catch-all recitation does not satisfy the requirements for showing that this Court has jurisdiction over this matter."   *James v. Moore*, No. 1:23-CV-115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023).   Merely averring that a party is *not* a citizen of a particular State does not set forth with specificity that party's citizenship for purposes of establishing diversity jurisdiction.   *Gunapt Dev., L.L.C. v. Peine Lakes, L.P.*, No. 4:20-CV-01778-MTS, 2021 WL 3737273, at *1 (E.D. Mo. Aug. 24, 2021) (citing cases).   *Cf. Howard v. Newrez, LLC*, No. 4:21-CV-522 JAR, 2021 WL 2949535, at *5 (E.D. Mo. July 14, 2021) (party invoking diversity jurisdiction must identify the parties' States of

---

[1] As defendant Kensington is a nominal party, its citizenship may be ignored in determining whether diversity jurisdiction exists.   *Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1134 (8th Cir. 2011).

citizenship).

As the party invoking this Court's jurisdiction, West Pine must identify each individual member of each LLC and specifically plead the State of their citizenship. *James*, 2023 WL 4350944, at *1.   I will give West Pine an opportunity to do so and direct it to amend its notice of removal within ten (10) days to properly allege this Court's subject-matter jurisdiction.   Failure to timely comply with this Order may result in this action being remanded to state court for lack of federal subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that **within ten (10) days of the date of this Order**, defendant West Pine Lofts, LLC shall file an amended notice of removal properly alleging this Court's subject-matter jurisdiction.   Failure to timely comply with this Order may result in this action being remanded to state court for lack of federal subject-matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2026.

- 4 -