UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ASHLAND VENTURES HOLDINGS,     )
LLC, et al.,                   )
                               )
            Plaintiffs,        )
                               )
    v.                         )        No. 4:26 CV 364 CDP
                               )
WEST PINE LOFTS, LLC, et al.,  )
                               )
            Defendants.        )

## MEMORANDUM AND ORDER

Plaintiffs Ashland Ventures Holdings, LLC and Integrity Holdings Group, LLC bring this action alleging that defendant West Pine Lofts, LLC refuses to authorize the return of $350,000 in earnest money after Ashland terminated a real estate agreement.[1]  Ashland seeks declaratory judgment against West Pine and also brings claims of breach of contract, breach of covenant of good faith and fair dealing, and unjust enrichment.  Integrity Holdings brings a claim of unjust enrichment against West Pine.[2]  West Pine has filed a counterclaim against Ashland for breach of contract and breach of covenant of good faith and fair dealing.  For the reasons that follow, I will grant West Pine's Rule 12(b)(1) motion

---

[1] Plaintiffs originally filed the case in the Circuit Court of the City of St. Louis, Missouri.  West Pine removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.

[2] Plaintiffs name Kensington Vanguard National Land Services, LLC as a nominal defendant, as it is the entity that holds the disputed earnest money in escrow.  Plaintiffs do not bring any claims for relief against Kensington.

to dismiss Integrity Holdings' unjust enrichment claim for lack of subject-matter

jurisdiction.  I will also grant West Pine's Rule 12(b)(6) motion to dismiss

Ashland's unjust enrichment claim and request for declaratory judgment for failure

to state a claim on which relief can be granted.  By separate Order, I will set a Rule

16 Scheduling Conference on the claims that remain in the case.

## I.  Legal Standards

A.      Rule 12(b)(6) – Failure to State a Claim

The purpose of a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) is to test the legal sufficiency of the complaint.  When reviewing a Rule

12(b)(6) motion, I assume the factual allegations of the complaint are true and

construe them in plaintiff's favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-56 (2007).  The complaint must contain sufficient factual matter, accepted as

true, to state a claim for relief "that is plausible on its face."  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  The "factual allegations must be enough to raise a right to

relief above the speculative level."  *Twombly,* 550 U.S. at 555.  On a Rule 12(b)(6)

motion to dismiss, I may consider exhibits that are attached to the complaint,

matters of public record, and materials necessarily embraced by the complaint

without having to convert the motion to one for summary judgment.  *Humphrey v.*

*Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018); *Ryan v.*

*Ryan*, 889 F.3d 499, 505 (8th Cir. 2018).

B,    Rule 12(b)(1) – Subject-Matter Jurisdiction (Standing)

A party may move to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction.  The existence of subject-matter jurisdiction is a question of law.  *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

The district court does not have subject-matter jurisdiction over a claim on which the plaintiff does not have standing to sue.  *See ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011).  "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  To show standing, a plaintiff must demonstrate that 1) it has suffered an injury in fact 2) that is fairly traceable to the defendant's conduct and 3) is likely to be redressed by the relief it seeks.  *In re SuperValu, Inc.*, 870 F.3d 763, 768 (8th Cir. 2017) (citing *Spokeo*, 578 U.S. at 338).  If a plaintiff does not have standing to bring the claim, the claim must be dismissed for lack of subject-matter jurisdiction.  *Agred Found. v. United States Army Corps of Eng'rs*, 3 F.4th 1069, 1073 (8th Cir. 2021).

A motion under Rule 12(b)(1) may "facially attack" or "factually attack" a plaintiff's assertion of jurisdiction.  *Carlsen*, 833 F.3d at 908.

> In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).  In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards.

*Id.* (internal citations and quotation marks omitted).  When addressing a facial

attack on jurisdiction, therefore, the Court accepts as true all factual allegations in

the complaint and considers materials necessarily embraced by the pleadings and

exhibits attached to the complaint, just as it would with a Rule 12(b)(6) motion to

dismiss.  *Id.*

## I.  Relevant Background[3]

On August 8, 2025, Ashland and West Pine entered into a Real Estate Sale

Agreement as "Purchaser" and "Seller," respectively, for the purchase and sale of

real property known as the West Pine Loft Apartments in St. Louis, Missouri.

There were no other parties to the Sale Agreement or its amendments.  Section

2.1.1 of the Sale Agreement governed the delivery of earnest money regarding the

sale:

> Within five (5) days after the Effective Date, Purchaser shall
> deliver to Kensington Vanguard National Land Services . . .
> (the "Title Insurer") an initial deposit in the sum of Three Hundred
> Thousand and No/100ths Dollars ($300,000.00) (the "Earnest
> Money").  The Title Insurer shall hold the Earnest Money in escrow
> as escrow agent for the benefit of Purchaser and Seller pursuant
> to the Title Company's standard form of joint escrow agreement.

(Sale Agrmt., ECF 33-1 at hdr. p. 18.)[4]  In accordance with that Section, on August

---

[3] The facts set out here are taken from plaintiffs' state-court petition and the exhibits attached
thereto.  (*See* ECF 9, 33-1.)

[4] West Pine filed all of the petition's exhibits as one document at ECF 33-1.  For clarity's sake, I
will cite to the page number identified in ECF 33-1's header when referring to any portion of an
exhibit.

13, 2025, Ashland and West Pine executed an Escrow Agreement with Kensington, whereby Ashland agreed to cause the escrowed funds to be deposited with Kensington.  Under Section 3 of the Escrow Agreement, Ashland and West Pine agreed to provide a joint written instruction to Kensington for the disbursement of the deposited escrowed money.  Only Ashland, West Pine, and Kensington were parties to the Escrow Agreement.  (Escrow Agrmt., ECF 33-1 at hdr. pp. 102-03.)

The Sale Agreement allowed for Ashland to extend the closing date with a deposit of an additional $50,000 in escrow (ECF 33-1 at hdr. p. 24), which Ashland did.  Accordingly, Ashland deposited, and Kensington holds, a total of $350,000 in escrow representing the earnest money under the Sale Agreement.  Integrity Holdings contributed half – that is, $175,000 – of the money Ashland deposited.  The Sale Agreement and its amendments provided that termination of the Agreement by Ashland triggered the return or disbursement of the earnest money "to Purchaser."  (Sale Agrmt. at §§ 2.2.5, 2.2.8, 3.3, 5, 7.1, 7.3, 8.1, 9.1; ECF 33-1 at hdr. pp. 19, 20, 23, 28, 29, 30, 31, 32, 87, 90.)

On December 15, 2025, Ashland sent a letter to West Pine stating that it was terminating the Sale Agreement pursuant to § 2.2.8 of the Agreement that required Lender Consent and Loan Assumption before closing.  In that letter, Ashland demanded that the title insurer (Kensington) "return the Earnest Money to

Purchaser." (Ashland Ltr., ECF 33-1 at hdr. p. 93.)  West Pine responded on

December 17 that Ashland had no right to terminate the Sale Agreement; that West

Pine was construing Ashland's December 15 letter as an anticipatory default; and

that Ashland could cure the default and close on the transaction or acknowledge

default and "release the Earnest Money to Seller."  (W. Pine Ltr., ECF 33-1 at hdr.

pp. 94-95.)  In a follow-up email dated December 18, Ashland expounded on its

reasons for terminating the Agreement and again demanded that "the Earnest

Money be returned to Purchaser."  (Ashland Email, ECF 33-1 at hdr. pp. 98-99.)

One month later, Ashland and Integrity Holdings filed this action raising

four claims for relief.  In Count I, Ashland alleges that West Pine breached the Sale

Agreement by refusing to authorize the release of earnest money to Ashland upon

Ashland's termination of the Agreement.  In Count II, Ashland alleges that West

Pine breached the covenant of good faith and fair dealing regarding the Lender

Consent process on the existing loan, communications with the Lender, and

refusing to release the earnest money held in escrow.  In Count III, both Ashland

and Integrity Holdings bring a claim of unjust enrichment alleging that West Pine

has been unjustly enriched by the deposit of earnest money and its refusal to

authorize the money's release following Ashland's termination of the Sale

Agreement.  Finally, in Count IV, Ashland seeks declaratory judgment on the

enforcement of the Sale Agreement, including with regard to Lender Consent, loan

assumption, proper termination, lack of default, and entitlement to the return of earnest money.

West Pine moves to dismiss Integrity Holdings' unjust enrichment claim under Rule 12(b)(1) for lack of jurisdiction, arguing that Integrity Holdings lacks standing to bring the claim.  Alternatively, West Pine moves to dismiss the claim under Rule 12(b)(6) for failure to state a claim.  West Pine also moves to dismiss Ashland's unjust enrichment and declaratory judgment claims under Rule 12(b)(6) for failure to state a claim.

## II.  Discussion

A.    Integrity Holdings – Subject-Matter Jurisdiction

In its motion to dismiss Integrity Holdings' unjust enrichment claim, West Pine argues that Integrity Holdings does not have standing to bring the claim and, even if it did, it nevertheless fails to state a claim on which relief can be granted. Because "standing is a jurisdictional prerequisite that must be resolved before reaching the merits" of a claim, *Pratt v. Helms*, 73 F.4th 592, 594 (8th Cir. 2023), I address West Pine's jurisdictional argument first.  For the following reasons, I conclude that Integrity Holdings lacks standing to bring its unjust enrichment claim against West Pine, and I will dismiss that claim for lack of subject-matter jurisdiction.

Although West Pine does not identify in its motion whether it brings a facial

or factual attack on Integrity Holdings' jurisdictional standing to bring its unjust enrichment claim, I note that West Pine refers to only the state-court petition and the petition's attached exhibits in making its argument. I therefore consider the motion as a facial attack to jurisdiction and will limit my analysis to the petition, materials that are necessarily embraced by it, and its attached exhibits. *Carlsen*, 833 F.3d at 908.

The petition sufficiently alleges that Integrity Holdings suffered an injury in fact given its assertion that it is out the $175,000 it contributed to the earnest money that Ashland placed in escrow pursuant to the Sale Agreement. But under the express terms of both the Sale Agreement and Escrow Agreement, only Ashland as "Purchaser" could deliver and deposit the earnest money in escrow, not Integrity Holdings; and the Sale Agreement directs that any "return" of that money can be made to only the "Purchaser" who, again, is only Ashland in this case and not Integrity Holdings. Consequently, if I were to order restitution from West Pine and direct it to release the earnest money held in escrow, that money could be returned only to Ashland and not to Integrity Holdings. In short, Integrity Holdings cannot obtain the relief it seeks by its claim, that is, for West Pine to release the money held in escrow and disburse it to Integrity Holdings. *Cf. Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973) (even if plaintiff were granted the equitable relief requested, any prospect of receiving payment in the future as a

- 8 -

result was speculative at best given the lack of direct relationship between the injury and the claim sought to be adjudicated).

Because Integrity Holdings' injury is not likely to be redressed by the relief it seeks, it lacks standing to bring its claim of unjust enrichment and I must dismiss the claim for lack of subject-matter jurisdiction. *SuperValu, Inc.*, 870 F.3d at 768; *Agred Found.*, 3 F.4th at 1073. I therefore do not address West Pine's alternative argument under Rule 12(b)(6) that the claim on its merits fails to state a claim on which relief can be granted.[5]

B.      Ashland Ventures Holdings – Failure to State a Claim

West Pine moves to dismiss Ashland's claim for unjust enrichment and request for declaratory judgment arguing, *inter alia*, that such equitable relief is not available to Ashland because the express Sale Agreement between Ashland and West Pine governs the subject matter of the dispute, and its claim on the contract provides an adequate remedy at law. West Pine's arguments are well taken.

1.      *Unjust Enrichment*

To state a claim for unjust enrichment, a plaintiff must allege that "(1) it directly conferred a benefit on the defendant; (2) the defendant appreciated the

---

[5] It would appear that West Pine's merits argument would be well taken, however, as Integrity Holdings did not provide a "direct" benefit to West Pine by providing money to Ashland for Ashland to deposit in escrow. *See Allied Servs., LLC v. Smash My Trash, LLC*, No. 21-CV-00249-SRB, 2024 WL 2842633, at *49-50 (W.D. Mo. May 16, 2024) (for unjust enrichment, well-established Missouri law holds that the benefit to defendant must be "directly conferred" by the plaintiff; money or services must have passed from plaintiff directly to defendant), *aff'd*, 153 F.4th 600 (8th Cir. 2025).

benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Allied Servs., LLC v. Smash My Trash, LLC*, 153 F.4th 600, 612 (8th Cir. 2025) (citation modified). "It is a well-settled principle of law that implied contract claims [such as unjust enrichment] arise only where there is no express contract." *Lowe v. Hill*, 430 S.W.3d 346, 349 (Mo. Ct. App. 2014). An unjust enrichment claim cannot proceed, therefore, where an express contract governs the relationship between the parties. *Id.* "Accordingly, a plaintiff cannot recover under an equitable theory when [it] has entered into an express contract for the very subject matter for which [it] seeks to recover." *Id.* *See also Grisham v. Mission Bank*, 531 S.W.3d 522, 538-39 (Mo. Ct. App. 2017); *Freeman v. Toyota Motor Sales, USA, Inc.*, No. 4:19-CV-02550-SEP, 2020 WL 7041810, at *9 (E.D. Mo. Nov. 30, 2020).

Here, the express terms of the Sale Agreement between Ashland and West Pine provide the basis for Ashland's claim for unjust enrichment, as demonstrated by the assertions made in its claim for breach of contract – that is, that West Pine breached the Sale Agreement by its failure to release the earnest money held in escrow upon Ashland's termination of the Agreement. Although Ashland is correct in its averment that it may plead unjust enrichment in the alternative to its breach of contract claim, *see Howard v. Turnbull*, 258 S.W.3d 73, 76 (Mo. Ct. App. 2008), a review of the petition shows that Ashland does not plead unjust

- 10 -

enrichment as an alternative claim.  Indeed, Ashland alleges in the petition that the Sale Agreement "constitutes a valid, binding, and enforceable contract" between it and West Pine (ECF 9, Petn. at ¶ 37), and its claim of unjust enrichment realleges that assertion (*id.* at ¶ 51).  Accordingly, accepting Ashland's allegations as true as I must, the Sale Agreement constitutes a valid contract between Ashland and West Pine, and the subject matter of that express contract provides the basis for Ashland's unjust enrichment claim and the relief sought, *i.e.*, for West Pine to release the earnest money held in escrow and cause its return to Ashland.  I must therefore dismiss the unjust enrichment claim as improperly pleaded.  *L&F Brands, Inc. v. Crown Valley Winery, Inc.*, No. 1:19-CV-134-SNLJ, 2020 WL 3447738, at *3 (E.D. Mo. June 24, 2020).

Moreover, as West Pine argues, Ashland's deposit of the earnest money did not confer a benefit on West Pine.  Unjust enrichment requires that the defendant "appreciate," "accept," and "retain" a benefit conferred by the plaintiff.  *Allied Servs.*, 153 F.4th at 612; *R & R Land Dev., L.L.C. v. American Freightways, Inc.*, 389 S.W.3d 234, 243 (Mo. Ct. App. 2012) (quoting *Howard*, 316 S.W.3d at 436).  Here, the earnest money Ashland deposited with Kensington, the escrow agent, remains in escrow and is presently outside the reach of both West Pine and

Ashland. Under both Missouri and New York law,[6] money held in escrow does not transfer to the grantee, the receiving party, until conditions for such transfer are fulfilled. *See McCarthy Bldg. Cos. v. City of St. Louis*, 81 S.W.3d 139, 144 (Mo. Ct. App. 2002); *99 Com. St., Inc. v. Goldberg*, 811 F. Supp. 900, 906 (S.D.N.Y. 1993). Neither the party who deposits the money in escrow (the grantor) nor the potential recipient of that money (the grantee) has access to or controls the money until the conditions for transfer are satisfied. *99 Com. St.*, 811 F. Supp. at 906.

> Once funds or documents are deposited with the escrow agent, the grantor loses control over the instruments, and the grantee does not obtain title until the condition is satisfied. In a very real sense, ownership is held in stasis, the instrument available neither to grantor nor grantee, awaiting disposition by the agent in accordance with the terms of the agreement.

*Id.*

Whether the conditions have been met for the escrow agent Kensington to either refund the earnest money to Ashland as grantor or transfer the money to West Pine as grantee are in dispute. In either regard, there has been no joint written instruction for disbursement of the money as required by the Escrow Agreement. The $350,000 in earnest money remains in escrow with Kensington and is unavailable to either Ashland or West Pine. It cannot be said, therefore, that West Pine has appreciated, accepted, and retained the earnest money as it has never

---

[6] Missouri law governs the terms of the Sale Agreement. (Sale Agrmt. at § 14.5, ECF 33-1 at hdr. p. 43.) New York law governs the terms of the Escrow Agreement. (Escrow Agrmt. at § 6, ECF 33-1 at hdr. p. 103.)

had any access to or control over it.  On these facts, Ashland has failed to state a claim for unjust enrichment against West Pine.

2.    *Declaratory Judgment*

"A declaratory judgment action is not used where an adequate remedy already exists at law."  *Graham v. Goodman,* 850 S.W.2d 351, 356 (Mo. banc 1993).  Under Missouri law, the absence of an adequate remedy at law is an element of a claim for declaratory relief.  *Cincinnati Cas. Co. v. GFS Balloons,* 168 S.W.3d 523, 525 (Mo. Ct. App. 2005).  "A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract."  *Id.*  "Whether to entertain the action rests in the discretion of the judge," and a declaratory judgment action should lie "only in cases where it could be of some practical convenience to the parties."  *Id.* (citing *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942)).  *See also Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 870-71 (W.D. Mo. 2012).

Here, Ashland's request for declaratory judgment reasserts the allegations supporting its claims of breach of contract and breach of good faith and fair dealing.  As relief, Ashland requests the Court to interpret the Sale Agreement and declare that certain of its conditions were not met to consummate the sale, that Ashland was entitled to terminate the Agreement and was not in default, that West

- 13 -

Pine cannot retain or refuse to authorize the return of earnest money to Ashland, and that Ashland is entitled to the full amount of the earnest money. In short, Ashland seeks the same relief as in its legal claims. Because an adequate remedy at law exists in Ashland's already pled claims of breach of contract and breach of good faith and fair dealing, I will dismiss Ashland's request for declaratory judgment.

I disagree with Ashland that a declaratory judgment is the only mechanism by which Kensington can be compelled to release the earnest money to Ashland. As stated above, whether the conditions have been met for Kensington to either return the money to Ashland or disburse it to West Pine is the core dispute in this legal action. Resolution of that legal dispute will govern the action to be taken by Kensington on the escrowed funds.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Integrity Holdings Group, LLC, does not have standing to bring its unjust enrichment claim against defendant West Pine Lofts, LLC; and defendant West Pine Lofts, LLC's Motion to Dismiss Plaintiff Integrity Holdings Group, LLC's Count III (Unjust Enrichment) for Lack of Subject Matter Jurisdiction [13] is **GRANTED**. The motion is **DENIED as moot** to the extent it seeks in the alternative to dismiss Integrity Holdings' unjust enrichment claim for failure to state a claim.

**IT IS FURTHER ORDERED** that defendant West Pine Lofts, LLC's Motion to Dismiss Plaintiff Ashland Ventures Holdings, LLC's Count III (Unjust Enrichment) and Count IV (Declaratory Judgment) for Failure to State a Claim [15] is **GRANTED.**

**IT IS FURTHER ORDERED** that Counts III and IV of this action are **DISMISSED with prejudice.**  As the claim raised in Count III was the only claim brought by plaintiff Integrity Holdings Group, LLC, the Clerk of Court shall terminate Integrity Holdings Group, LLC as a plaintiff in this action.

By separate Order, this case will be set for a Rule 16 Scheduling Conference on all remaining claims.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 15th day of July, 2026.